UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CARLOS ORTIZ, | ) | |
| Petitioner, | ) | 3:10-cv-00660-HDM-RAM |
| vs. | ) | **ORDER** |
| HOWARD SKOLNIK, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the Court on petitioner's second motion for the appointment of counsel (ECF No. 8) and respondents' motion to dismiss (ECF No. 12).

**I. Procedural Background**

On December 7, 2004, an information was filed against petitioner, charging him with two counts of first degree kidnapping with the use of a deadly weapon and one count of murder with the use of a deadly weapon. (Exhibit 3).[1] On December 16, 2004, the State filed a notice of intent to seek the death penalty. (Exhibit 4). On March 12, 2008, in exchange for the State's agreement not to seek the death penalty, petitioner pleaded guilty to all counts. (Exhibit 5). On May 21, 2008, the

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 13.

1  state district court entered the judgment of conviction which sentenced petitioner as provided in the
2  guilty plea agreement.  (Exhibit 6).  Petitioner was sentenced as follows: On Counts I and II, a
3  maximum of life with a minimum parole eligibility of 60 months, plus and equal and consecutive
4  term for the use of a deadly weapon.  On Count III, a maximum of life with a minimum parole
5  eligibility of 240 months, plus and equal and consecutive term for the use of a deadly weapon.
6  (Exhibit 6).
7       On June 1, 2009, petitioner's state post-conviction habeas petition was filed in district court.
8  (Exhibit 7).  On October 7, 2009, the state district court filed an order dismissing the petition as
9  untimely.  (Exhibit 9).  Petitioner appealed.  (Exhibit 10).  On May 10, 2010, the Nevada Supreme
10 Court affirmed the dismissal of the state habeas petition, finding it untimely because it was filed
11 more than one year after entry of the judgment of conviction, pursuant to NRS 34.726(1), and that
12 petitioner failed to demonstrate good cause for the delay.  (Exhibit 12).  Petitioner filed a petition for
13 rehearing (Exhibit 13), which the Nevada Supreme Court denied on June 18, 2010 (Exhibit 14).
14 Petitioner filed a petition for en banc reconsideration (Exhibit 15), which the Nevada Supreme Court
15 denied on September 22, 2010  (Exhibit 16).  Remittitur issued on October 18, 2010.  (Exhibit 17).
16 **II.  Petitioner's Second Motion for Appointment of Counsel (ECF No. 8)**
17       Petitioner filed his first motion for the appointment of counsel on November 3, 2010.  (ECF
18 No. 5).  By order filed December 16, 2010, the motion was denied.  (ECF No. 6).
19       On January 26, 2011, petitioner filed his second motion for the appointment of counsel.
20 (ECF No. 8).  In the motion, petitioner states that he speaks primarily Spanish and needs an
21 interpreter for legal proceedings.  (ECF No. 8, at p. 2).  Petitioner informs the Court that fellow
22 prison inmate and paralegal, Gregory Hogan, #21512, assisted him in preparing his petition for a writ
23 of habeas corpus.  (ECF No. 8, at p. 6).  The declaration of inmate Gregory Hogan is attached to the
24 motion for counsel.  (ECF No. 8, at pp. 9-16).
25
26

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). As the Court found in its previous order denying the appointment of counsel, the petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. Moreover, in response to the pending motion to dismiss, petitioner filed an opposition on March 21, 2011, with the assistance of inmate paralegal Gregory Hogan. (ECF No. 15). The Court finds that the appointment of counsel is not justified in this case. Petitioner's motion is denied.

**III. Motion to Dismiss (ECF No. 12)**

    **A. Federal Habeas Petition is Untimely**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

3

>   been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court has held that a habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). The Court in *Pace v. DiGuglielmo* held as follows:

>   In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
>   * * *
>
>   What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

In the present case, petitioner's judgment of conviction was entered on May 21, 2008. (Exhibit 6). He did not file a direct appeal. The time to seek direct review expired on June 20, 2008. Petitioner had until June 22, 2009 to mail or file his federal habeas petition.

On June 1, 2009, petitioner filed an untimely post-conviction habeas petition in state court. (Exhibit 7). Pursuant to *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005), the post-conviction habeas proceedings in state court did not toll the federal statute of limitations. On May 10, 2010, the Nevada Supreme Court affirmed the state district court's dismissal of the petition. (Exhibit 12). The

1  Nevada Supreme Court made findings that the petition was untimely and procedurally barred
2  pursuant to NRS 34.726(1), and that petitioner failed to demonstrate good cause for the delay.
3  (Exhibit 12).  The Nevada Supreme Court denied rehearing by order filed June 18, 2010 (Exhibit
4  14), and denied en banc reconsideration by order filed September 22, 2010 (Exhibit 16).  Remittitur
5  issued on October 18, 2010.  (Exhibit 17).

As stated above, the AEDPA one-year statute of limitations expired on June 22, 2009, and the untimely post-conviction state proceedings did not toll the AEDPA statute of limitations. Petitioner filed his federal habeas corpus petition on October 10, 2010.  (ECF No. 2).[2]  The federal habeas petition was filed approximately 16 months after the expiration of the AEDPA statute of limitations.

**B.  Equitable Tolling**

The United States Supreme Court has held that the AEDPA's statute of limitations, at 28 U.S.C. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).  The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The Court made clear that the "exercise of a court's equity powers . . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted).  In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific

---

[2] This Court received the federal habeas petition on October 21, 2010. (ECF No. 2). Pursuant to the "mailbox rule," federal courts deem the filing date of a document (in a federal action) as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). At numbered item 5, page 1, of the federal petition, petitioner states that he mailed or handed the petition to a correctional officer for mailing to this Court on October 10, 2010. (ECF No. 2). The Court therefore deems the date of filing of the federal habeas petition as October 10, 2010.

1 circumstances, often hard to predict in advance, could warrant special treatment in an appropriate
2 case." *Holland*, 130 S.Ct. at 2563.

3     In the opposition, petitioner argues that his state habeas petition was submitted to prison
4 officials for mailing on May 19, 2009. (ECF No. 15, at p. 2). The state district court received and
5 filed the state petition on June 1, 2009. (Exhibit 7). Petitioner argues that pursuant to the "mailbox
6 rule" of *Houston v. Lack*, the state petition should have been deemed timely filed on May 19, 2009.

7     NRS 34.726(1) states that "unless there is good cause shown for delay, a petition that
8 challenges the validity of a judgment or sentence must be filed within one (1) year after entry of the
9 judgment of conviction." Petitioner's judgment of conviction was entered on May 21, 2008.
10 (Exhibit 6). Petitioner filed his post-conviction state habeas petition on June 1, 2009. (Exhibit 7).
11 Petitioner argues that he mailed the state petition on May 19, 2009, and that it should have been
12 construed as timely by the Nevada state courts. This argument fails, because Nevada does not
13 recognize the "prison mailbox rule" of *Houston v. Lack*, and has expressly rejected the rule for
14 purposes of determining the filing date of state post-conviction habeas petitions. *Gonzales v. State*,
15 118 Nev. 590, 592 (2002). While the Ninth Circuit has held that the mailbox rule applies to state as
16 well as federal filings, the Ninth Circuit has expressly held that "because Nevada does not recognize
17 a prison mailbox rule for post-conviction petitions, [a] petition [is] not filed under Nevada law until
18 actually received by the clerk of court." *Koerner v. Grigas*, 328 F.3d 1039, 1044 n.1 (9th Cir. 2003).
19 As such, petitioner cannot invoke the "mailbox rule" to show good cause for the untimely filing of
20 the state habeas petition. Petitioner has failed to show that an extraordinary circumstance prevented
21 him from filing a timely federal petition. Petitioner is not entitled to equitable tolling and the
22 petition must be dismissed as untimely.

23 **IV. Certificate of Appealability**

24     In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28
25 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951
26

(9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*  This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's second motion for the appointment of counsel (ECF No. 8) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 12) is **GRANTED** and the federal petition for a writ of habeas corpus is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 7th day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE